IN THE MATTER OF THE APPLICATION OF WALTER HORACE SEFTON FOR A WRIT OF HABEAS CORPUS

No. 4005

February 6, 1957.                    306 P.2d 771.

See also 72 Nev. 106, 295 P.2d 385.

*John W. Bonner,* of Las Vegas, for Petitioner.

*Harvey Dickerson,* Attorney General, of Carson City, and *George M. Dickerson,* District Attorney, of Las Vegas, for Respondent.

## OPINION

*Per Curiam*:

By these proceedings Walter Horace Sefton, under sentence of death following conviction of the crime of murder in the first degree, seeks discharge from the state prison through habeas corpus. Upon application to this court the writ was issued. On February 1, 1957 hearing upon the writ was had. On February 5, 1957 this court rendered its decision by which discharge under the writ was denied and these proceedings dismissed. This opinion is filed in support of that action.

The basis for the application is a contention of lack of due process in the trial which resulted in conviction. Upon appeal from that judgment this court has already scrutinized the proceedings had below. There it was also contended that applicant had been deprived of a fair trial through lack of due process. Finding no merit in the contention as there presented we affirmed judgment. Sefton v. State, 72 Nev. 106, 295 P.2d 385. The renewal of that contention in these proceedings is based in part upon certain facts and points of law not presented upon appeal.

The pertinent facts as alleged in the application for discharge are to a substantial degree denied by the state. Upon the factual issues thus presented applicant asks for a reference in order that proof may be presented. In our view even accepting the truth of applicant's factual contentions grounds for discharge have not been stated. For this reason applicant's motion for a reference is denied.

It is contended that a confession received in evidence by the trial court was secured from applicant while he was being held incommunicado by the Clark County sheriff's office and before arraignment or employment of counsel. In order to render the confession inadmissible it must appear that it was not voluntarily given. State v. Boudreau, 67 Nev. 36, 214 P.2d 135. There is no claim of physical duress. That confession was secured prior

to arraignment or to the securing of counsel and while the prisoner was being held incommunicado does not in and of itself constitute psychological duress as a matter of law. Something more is necessary to persuade even the most sympathetic and conscientious observer that the volition of the prisoner has been overpowered.

Upon hearing applicant stated that if reference should be granted he would prove that the confession was given following extensive questioning by the officers. His offer of proof was in substance that during a period of 13 days during which he was held incommunicado he was, on four or five occasions, questioned for periods of one to two hours at a time; that the confession itself was secured during an automobile trip on which occasion he was for about four hours in the presence of officers and subject to their questioning. In our opinion these facts are far from sufficient to establish that use of the confession was a denial of due process.

It may be noted that the confession with which we are concerned was not the only confession received in evidence by the trial court. A full confession, concededly voluntary, was given to Michigan authorities, upon the basis of which applicant was returned to this state to stand trial. The confession now under attack consisted in applicant's taking the Clark County officers to the scene of the crime, pointing out the place where it had occurred and stating, "This is where I did it."

We conclude that the facts stated in the application for discharge, supplemented by the proof offered on hearing, wholly fails to establish duress or facts otherwise constituting use of the confession a deprivation of due process.

It is next contended that prejudice to applicant resulted from the fact that a jailer was permitted to appear before members of the jury with his head in bandages, he having suffered injury during a jail break

in which applicant had participated. Two members of the jury admitted on voir dire examination that they had read newspaper accounts of the jail break. (They were not, however, challenged either for cause or peremptorily.) It does not appear that other members of the jury would place any significance upon the jailer's bandaged head. Even if they had, we remain wholly unconvinced that the sight of the bandaged head (which it does not appear was more shocking or horrible than a bandaged head ordinarily is) would be calculated to arouse prejudicial passion or animosity.

The application sets forth other grounds for discharge which we feel it unnecessary to discuss. They have already been considered by this court on appeal from judgment.

For these reasons discharge was denied and the proceedings dismissed.